UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| MALINDA RAINWATER, | CIVIL ACTION NO. 5:18-539-KKC |
| **Plaintiff,** | |
| | |
| V. | **OPINION AND ORDER** |
| | |
| EXPERIAN INFORMATION SOLUTIONS, INC. and MBA LAW FIRM, P.C., | |
| **Defendants.** | |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on a joint stipulation of dismissal, brought pursuant to Federal Rule of Civil Procedure 41, in which Plaintiff Malinda Rainwater and Defendant Experian Information Solutions, Inc. request that the Court dismiss with prejudice Plaintiff's claims against this defendant. (DE 25.)

As the Court has already explained to the parties in this matter (DE 24), these sorts of notices do not allow a plaintiff to dismiss individual parties from an action. In the Sixth Circuit, a notice of dismissal under Rule 41 is confined to dismissal of an "action," meaning Rule 41 can only be used to dismiss *all* claims against *all* defendants, not individual claims or parties. *See Letherer v. Alger Grp., LLC*, 328 F.3d 262, 266 (6th Cir.2003) (quoting *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir.1961)) ("Rule 41(a)(1) provides for the voluntary dismissal of an 'action' not a 'claim'; the word 'action' as used in the Rules denotes the entire controversy, whereas 'claim' refers to what has traditionally been termed 'cause of action.'"), *overruled on other grounds by Blackburn v. Oaktree Capital Mgmt.*, LLC, 511 F.3d

1

633, 636 (6th Cir.2008); *EQT Gathering, LLC v. A Tract of Prop.*, No. 12-58, 2012 WL 3644968, at \*2 (E.D. Ky. Aug. 24, 2012) ("In the Sixth Circuit, a notice of dismissal under Rule 41(a)(1)(A)(i) can only be used to dismiss all claims against all defendants, not individual claims or parties.").

Instead, when seeking to dismiss fewer than all claims or parties, the Sixth Circuit instructs parties to utilize Rule 21, which provides that, "on motion or on its own motion, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against any party." *Letherer*, 328 F.3d at 267. District courts in this circuit have consistently applied this precedent. *See Malik v. F-19 Holdings*, LLC, No. 5:15-cv-130, 2016 WL 2939150, at \*4 (E.D. Ky. May 19, 2016) ("It is true that Rule 41 provides that a plaintiff may dismiss only an action – not certain claims – by filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment… In *Philip Carey*, the Sixth Circuit indicated that Rule 21 is the proper rule for the dismissal of a particular defendant."); *Miller v. Experian Info. Solutions, Inc.*, No. 3:13-cv-90, 2014 U.S. Dist. LEXIS 85054, at \*2 (S.D. Ohio June 23, 2014) (recommending that a stipulated dismissal under Rule 41(a)(1)(A) be construed as a motion under Rule 21 because "[t]he Sixth Circuit has held [in *Philip Carey Mfg Co.*] that Rule 21 is the proper vehicle for the dismissal of individual parties from the action, and Rule 41, conversely, is appropriate only for dismissal of the entire action"); *CNX Gas Co., LLC v. Miller Energy Resources, Inc.*, No. 3:11-cv-362, 2014 WL 11638566, at \*2 (E.D. Tenn. Jan. 8, 2014) (stating that Rule 41(a)(2) is not the correct procedural vehicle to dismiss one of multiple parties from an action). The rationale behind such a requirement is straightforward: dropping less than the entirety of the action risks prejudicing other parties in the suit. *EQT Gathering, LLC*, 2012 WL 3644968, at \*3 (citing *Lester v. Wow Car Co., Ltd.*, No. 2:11-CV-850, 2012 WL 1758019, at \*2 n. 2 (S.D. Ohio May 16, 2012) ("In certain

situations, a Rule 41 dismissal of an individual defendant has the effect of depriving the defendant of a full and fair opportunity to challenge the dismissal that would have been provided under Rule 21.").

The Court will convert the joint stipulation of dismissal under Rule 41 to a joint motion to dismiss pursuant to Rule 21 to provide the relief requested. The Court finds that there is no risk of prejudice to any party here.

Accordingly, the Court hereby ORDERS that:

1) The joint motion to dismiss (DE 25) is GRANTED;

2) Plaintiff's claims against Defendant Experian Information Solutions, Inc. are DISMISSED with prejudice; and

3) the Clerk shall TERMINATE Experian Information Solutions, Inc. as a defendant in this case.

Dated August 18, 2020.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

3